```
WN:TMM
F.#2008R02159/OCDEFT NY-NYE
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -                          08-CR-888 (S-4)(NGG)

VICTOR ACOSTA BOURNE and
MARIA ALLEYNE,

        Defendants.

- - - - - - - - - - - - - - - - X


THE GOVERNMENT'S MEMORANDUM OF LAW IN
<u>OPPOSITION TO THE DEFENDANT'S PRE-TRIAL MOTION</u>


                                        LORETTA E. LYNCH
                                        United States Attorney
                                        Eastern District of New York

Toni M. Mele
Patricia Notopoulos
Soumya Dayananda
Assistant U.S. Attorneys

2

Preliminary Statement

The government respectfully submits this Memorandum of Law in opposition to the defendant's pretrial motion for the exclusion of expert testimony regarding money laundering. For the reasons set forth below, defendant's motion is without merit and should be denied.

On June 18, 2009, Bourne was arrested pursuant to a superseding indictment, United States v. Bourne, 08-CR-888 (S-1)(NGG),[1] charging him with the following: one count of cocaine importation conspiracy, in violation of Title 21, United States Code, Sections 963, 960(a)(1) and 960(b)(1)(B)(ii); two counts of cocaine importation, in violation of Title 21, United States Code, Sections 952(a), 960(a)(1) and 960(b)(1)(B)(ii); one count of conspiracy to distribute cocaine, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A)(ii)(II); and two counts of attempted distribution of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii)(II). On March 23, 2010, a grand jury returned a second superseding indictment which joined Miguel Bozza as a co-defendant.

On October 6, 2010, a grand jury returned a third superseding indictment, which added additional charges against

---

[1] The original indictment in this matter did not name Bourne as a defendant.

Bourne and Bozza and joined Maria Alleyne as a co-defendant. These new charges included one count of structuring conspiracy as to Bourne and Alleyne, in violation of Title 18, United States Code, Section 371, and six counts of structuring as to Alleyne, in violation of Title 31, United States Code, Sections 5324(a)(3) and 5324(d)(1). On May 6, 2011, the grand jury returned a fourth superseding indictment which added one count of money laundering conspiracy as to Bourne and Alleyne, in violation of Title 18, United States Code, Section 1956(h). Trial in this matter is scheduled to commence on September 26, 2011.

As part of the government's proof, the government will be required to explain to the jury what money laundering means, why it occurs, the various methods by which money is typically laundered, and the roles individuals play within a money laundering organization – all issues that are outside of the general knowledge of a layperson.

The government intends to meet its burden on these issues, in part, through the testimony of Detective Sergeant Frank J. DiGregorio. As described below, Detective Sergeant DiGregorio has previously been qualified as an expert in money laundering in courts within the Second Circuit. Further, the type of expert testimony which will be provided by Detective Sergeant DiGregorio has been held to be admissible by the Second Circuit.

ARGUMENT

A.   Background

By letter dated August 15, 2011, the government notified the defendants Bourne and Alleyne pursuant to Rule 16 of the Federal Rules of Criminal Procedure that it anticipated calling Detective Sergeant Frank J. DiGregorio as an expert on money laundering during the trial.  The government attached a copy of Detective Sergeant Frank J. DiGregorio's resume (Attached hereto as Exhibit A), which informed the defendants that Detective Sergeant Frank J. DiGregorio had previously been qualified to testify as an expert on money laundering on numerous occasions in the Eastern and Southern Districts of New York.

The government also advised the defendants of the nature of the testimony the government intended to elicit from this witness at trial.  Specifically, the government advised the defendants that this witness's testimony would include the means and methods used by drug traffickers to launder drug proceeds.  Furthermore, he would testify that drug proceeds are hidden through numerous means, including, but not limited to, trade-based money laundering, that other individuals are used as straw purchasers of property and holders of assets and that cash is used to pay for goods and services in a manner designed to avoid use of the banking system.  He would also testify to the use of

5

structuring as a means to avoid transaction reporting requirements.

On August 24, 2011, the defendant Alleyne filed the instant motion in limine. Notwithstanding the money laundering charges against the defendants, defendant Alleyne argues that the Court should preclude expert testimony about the nature of money laundering organizations because such testimony is "(a) not helpful to the fact finder, and (b) unfairly prejudicial." Def.'s Mot. at 2-3.

B. The Expert Testimony of Sergeant Detective DiGrigorio Should Be Admitted

A trial court may admit expert testimony if it finds that such testimony "will assist the trier of fact to understand the evidence or to determine a fact in issue." See Fed. R. Evid. 702; United States v. Torres, 901 F.2d 205, 237 (2d Cir. 1990), cert. denied, 490 U.S. 906 (1990). Expert testimony is admissible to assist the jury in understanding an area which, as laypersons, they are likely not to understand. United States v. Brown, 776 F.2d 397, 400 (2d Cir. 1985), cert. denied, 475 U.S. 1141 (1986).

The Second Circuit has consistently upheld the admission of expert testimony to explain the workings of criminal organizations and transactions, such as narcotics trafficking and money laundering, that would otherwise be confusing and outside the average understanding of the jury. See United States v.

6

Daccarett, 6 F.3d 37 (2d Cir. 1993)(affirming District Court's admission of expert testimony from federal agent in money laundering trial regarding money-laundering scheme and techniques); United States v. Tapia-Ortiz, 23 F.2d 738 (2d Cir. 1994) (expert testimony regarding narcotics traffickers' use of nicknames and cash admissible); United States v. Rivera, 971 F.2d 876, 887 (2d Cir. 1992)(expert testimony regarding stash house characteristics, drug ledgers, admissible); United States v. Diaz, 878 F.2d 608, 616-18 (2d Cir. 1989) (same); United States v. Ginsberg, 758 F.2d 823, 830 (2d Cir. 1986) (expert testimony regarding narcotics codes and jargon admissible); United States v. Nektalov, No. S203CR.828 (PKL), 2004 1469487, at * 2-3 (June 30, 2004, S.D.N.Y.) (expert testimony admissible in money laundering case); United States v. All Funds on Deposit in Any Accounts Maintained at Merrill Lynch, Pierce, Fenner & Smith, 801 F. Supp. 984, 997 (E.D.N.Y. 1994) ("Sophisticated drug money-laundering activities . . . are a proper subject for expert testimony.").

Moreover, the Second Circuit has "'repeatedly upheld the use of expert testimony by government agents to describe characteristics and operating methods of narcotics dealers.'" United States v. Cruz, 363 F.3d 187, 193 (2d Cir. 2004) (citing United States v. Boissoneault, 926 F.2d 230, 232 (2d. Cir. 1991)).

7

Sergeant Detective DiGrigorio is uniquely qualified to testify about money laundering organizations. Sergeant Detective DiGrigorio's resume demonstrates his extensive experience in the investigation of money laundering cases and his experience as lecturer in the field of money laundering.

Moreover, Sergeant Detective DiGrigorio's testimony clearly will assist the jury in understanding the evidence in an area of criminal conduct with which, as laypersons, they are not likely to be familiar. Background information about the basic methods by which narcotics proceeds are sent from the United States to other countries; the intricacies of money laundering schemes, including the various roles individuals play within these organizations; and how drug proceed are hidden, including trade-based money laundering, structured transactions, the use of other individuals as straw purchasers of property and other assets and the use of cash to pay for goods and services in a manner designed to avoid the use of the banking system, are outside the purview of the average jury's experience.

Additionally, the underlying unlawful activity, in this case drug trafficking, and the defendants' knowledge of this activity is an essential part of each of the elements of money laundering. See 3 L. Sand, et al., Modern Federal Jury Instructions, Instr. 50A-2 (2003). To evaluate whether the transactions at issue were intended to conceal the nature or

8

source of the funds, the jury must have at least a basic understanding of, on the one hand, how law enforcement tracks money and, on the other, methods used by money launderers to conceal their illicit funds.

In much the same fashion as the case cases cited above, Detective Sergeant DiGregorio's testimony will relate to areas which are unlikely to be within the knowledge of the average juror. Accordingly, it will assist the trier of fact to understand the evidence.

Despite the defendant's suggestion to the contrary, the government does not intend to ask Detective Sergeant DiGregorio to give any opinions about whether the conduct in this case constitutes money laundering activity.[2] Rather, as stated above, the testimony that the government intends to elicit from Detective Sergeant DiGregorio will be limited to providing the jury with a basic framework so that the evidence may be evaluated in context. Detective Sergeant DiGregorio will be testifying solely as a money laundering expert and not as a fact witness.

---

[2] Despite Alleyne's argument to the contrary, the government is not offering expert testimony on the use of structuring to attribute a motive to the defendants. See Def.'s Mot. at 2. Detective Sergeant DiGregorio's testimony will explain the various means and methods used by money launders. The use of structured transactions is one way that money launderers hide drug proceeds from the government.

See Cruz, 363 F.3d at 194-95.  Accordingly, the defendant's motion to preclude such evidence should be denied.

## CONCLUSION

For the foregoing reasons, the defendant's motion for pretrial relief should be denied.

Dated:     Brooklyn, New York
           September 9, 2011

                                   Respectfully submitted,

                                   LORETTA E. LYNCH
                                   United States Attorney
                                   Eastern District of New York
                                   One Pierrepont Plaza
                                   Brooklyn, New York 11201


Toni M. Mele
Patricia Notopoulos
Soumya Dayananda
Assistant U.S. Attorney
     (Of Counsel)