# EPHRAIM SAVITT
*Attorney at Law*

260 MADISON AVENUE
SUITE 2200
NEW YORK, NEW YORK 10016
WWW.SAVITTESQ.COM

(212) 679-4470
FAX: (212) 679-6770
EPHRAIM@SAVITTESQ.COM

September 15, 2011

By ECF

Honorable Nicholas G. Garaufis
United States District Judge
United States Courthouse
Eastern District of New York
255 Cadman Plaza East
Brooklyn, NY 11201

Re:   United States v. Victor D'Acosta Bourne, 08 CR 888 (NGG)

Dear Judge Garaufis:

This letter is respectfully submitted in furtherance of Victor D'Acosta Bourne's joinder in co-defendant Alleyne's motion to suppress the evidence illegally seized by the government from 848 Linden Boulevard, Brooklyn, New York (the "subject premises"). In particular, the contested issue of standing is addressed in this relatively (for me) brief letter.

### 1. Legal Standard

A defendant has standing to invoke the exclusionary rule if the defendant had a "legitimate expectation of privacy" in the place searched. *Rakas v. Illinois*, 439 U.S. 128, 143 (1978). The inquiry as to the expectation of privacy is two-fold: first, whether the defendant had a subjective expectation of privacy; and second, whether the expectation is one that society accepts as reasonable. *See United States v. Osorio*, 949 F.2d 38, 40 (2d Cir. 1991). Indeed, the Second Circuit, in *United States v. Hamilton*, 538 F.3d 162 (2d Cir. 2008), rejected the government's argument that the defendant had no standing, despite the fact that he was not the owner of, and had no keys to enter, the premises and had denied living there to agents who were

1

searching the premises. The Court found that the defendant's possessory interest was established by his uncontested claim, in the suppression proceedings, that he had purchased the house but used a relative who resided there as the nominee owner. As the Court remarked, "[t]here is no authority for the proposition that one need live in the premises, or exercise control over them, in order to enjoy a privacy interest in those premises." *Id.* at 167.

The defendant's necessary ownership and/or possessory interests to have standing to move for suppression of items seized from a premises is not limited to a titled owner or resident. Instead, "[a] protected privacy interest has been found in a wide array of circumstances, ranging from ownership or regular occupancy of a home, to status as an overnight guest in someone else's home, or even in someone else's hotel room, to a rental storage unit, to one's business premises..." *Id.* (internal citations omitted). In addition, the Second Circuit has further extended standing to any guest with whom the host intends to "share his privacy." *United States v. Fields*, 113 F.3d 313, 320 (2d Cir. 1997); *Nieves v. New York City Police Department*, 716 F. Supp. 2d 299, 16 (S.D.N.Y. 2010) (holding that defendant had a reasonable expectation of privacy even when he was not an overnight guest).

### 2. Discussion

Bourne has standing to invoke the exclusionary rule and to move to suppress the evidence illegally obtained by the government in violation of the Fourth Amendment because of his reasonable expectation of privacy in the subject premises. Although Bourne did not submit a sworn statement as to his actual ownership of, and possessory interest in, the subject premises, those indicia were introduced by the government at the hearing through the sworn testimony of Supervisory ICE Special Agent Andrew Goldstein. On the government's direct examination, Agent Goldstein testified as follows:

> A. We had debriefings of sources and other cooperating defendants in this case who indicated to us that Victor Bourne in the execution I guess of narcotics trafficking was hiding his assets in his mother's name.
>
> Q. What kind of assets were being used specifically?
>
> A. Properties and vehicles.
>
> Q. When you say properties, what type of properties?

2

> A. Both commercial and residential.

Hearing Transcript, September 13, 2012 at 49.

On cross-examination, Agent Goldstein was even clearer on the government's position as to Bourne' possessory interest in the searched premises:

> Q. Now, you told us earlier in your direct examination testimony, you went through a little bit of the history of the investigation, correct?
>
> A. Yes
>
> Q. And you told us that based on various sources, unnamed sources, cooperators, that it is your belief, and the belief of your fellow agents, that the properties that are in the name of either Ms. Alleyne or Lynette Bourne are actually Victor Bourne's properties; is that your testimony?
>
> A. Yes, that's the belief.
>
> Q. And your belief is that Victor Bourne is the one who supplied the finances for the purchase of these properties?
>
> A. Yes.
>
> Q. Including 848 Linden Boulevard?
>
> A. Yes
>
> Q. And all of the other properties that you mentioned; is that right?
>
> A. Yes.

Hearing Transcript, September 13, 2012 at 108.

In this case, the government claims that Bourne actually paid for, and owns, the subject premises. In the search, many of Bourne's papers, including his letters and tax documents, were seized. It is the government's trial position that Bourne controls all the properties in his mother's name because they were purchased with his narcotics proceeds. The government now contests

3

his standing to join in Alleyne's suppression motion on the grounds that he has no ownership or possessory interests in the properties, including the subject premises.

The government, at most, can only have it one way. If it withdraws from its "belief" that Bourne is the actual owner of the subject premises, I will concede lack of standing. If, however, the government does not back away from its position, how can it claim that Bourne has no possessory interest? It's a classic case of the government's attempt to "have its cake, and eat it, too."

Based on the government's own evidence at the hearing, it is clear that Bourne had a possessory interest and reasonable expectation of privacy in the subject premises and thus has standing to move for the suppression of those items illegally seized from the subject premises.

I thank Your Honor for your courtesy and consideration.

Respectfully submitted,

Ephraim Savitt

cc: All Counsel (ECF)
    Victor Bourne

4