SLT/PEN
F.#2008R02159/OCDETF NY-NYE-486

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 13 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

   - against -

VICTOR D'ACOSTA BOURNE and
MARIA ALLEYNE,
    also known as
    "Maria Bourne,"

        Defendants.

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. <u>08-888 (S-5)(NGG)</u>
(T. 21, U.S.C., §§ 841(a)(1),
841(b)(1)(A)(ii)(II),
841(b)(1)(A)(vii),
841(b)(1)(B)(ii)(II),
841(b)(1)(B)(vii), 846,
848(a) 853(a), 853(p),
952(a), 959(c), 960(a)(1),
960(b)(1)(B)(ii),
960(b)(2)(B)(ii),
960(b)(1)(G), 960(b)(2)(G)
and 963; T. 18, U.S.C., §§
371, 982, 1349, 1956(h), 2,
3238 and 3551 <u>et</u> <u>seq.</u>; T.
31, U.S.C., §§ 5317(c),
5324(a)(3), 5324(d)(1) and
5324(d)(2))

- - - - - - - - - - - - - - - X

THE GRAND JURY CHARGES:

<u>INTRODUCTION</u>

     At all times relevant to this Superseding Indictment,
unless otherwise indicated:

<u>AMERICAN AIRLINES OPERATIONS</u>

     1.   American Airlines, Inc. ("American"),
headquartered in Fort Worth, Texas, was a commercial airline that
operated flights domestically and internationally.

     2.   At each airport that it serviced, American
employed fleet service clerks, responsible for ensuring the
integrity of cargo and baggage shipments, and dispatching crew

chiefs, responsible for organizing crews of fleet service clerks to service arriving and departing flights.

3.      Rules and regulations prohibited American employees from committing any action constituting a criminal offense, whether committed on duty or off duty.  The rules and regulations also provided that American employees could not possess, manufacture, distribute, dispense or use a narcotic substance either on duty or off duty.

<u>CURRENCY TRANSACTION REPORTS</u>

4.      Pursuant to Title 31, United States Code, Section 5312(a)(2)(V), the United States Postal Service ("USPS") was a domestic "financial institution," for the purposes of the requirements of Title 31, United States Code, Section 5325(a).

5.      Pursuant to Title 31, United States Code, Section 5325(a)(2) and Title 31, Code of Federal Regulations, Section 103.29, the USPS could not issue or sell a money order to any individual in connection with a transaction or group of contemporaneous transactions which involved United States currency in amounts or denominations of $3,000 or more, unless the individual furnished the USPS with photo identification and filled out USPS Form 8105-A, which required the purchaser to provide other identifying information, including but not limited to the purchaser's name, address, telephone number, date of birth and Social Security number.

2

## THE DEFENDANTS

6.    The defendant VICTOR D'ACOSTA BOURNE, while employed as an American fleet service clerk at John F. Kennedy International Airport in Jamaica, New York ("JFK Airport"), was the principal leader of a narcotics trafficking organization and continuing criminal enterprise operating in the New York metropolitan area and the Caribbean (hereinafter the "BOURNE organization").

7.    The defendant MARIA ALLEYNE, also known as "Maria Bourne," engaged in the structuring of transactions with financial institutions and monetary transactions designed to conceal illegal proceeds on behalf of the BOURNE organization.

## THE SCHEME

8.    Between 2000 and 2009, the BOURNE organization coordinated the importation of cocaine into the United States from destinations in the Caribbean, and the distribution of cocaine and marijuana both domestically and internationally.  The amount of cocaine smuggled into the United States by the BOURNE organization exceeded 150 kilograms, and the amount of marijuana distributed by the BOURNE organization exceeded 5,000 kilograms. Members of the BOURNE organization, including the defendant VICTOR D'ACOSTA BOURNE, employed threats and the actual use of violence in order to maintain discipline and deter members of the organization from cooperating with law enforcement.

3

9.    As part of the narcotics distribution scheme, the BOURNE organization relied on corrupt employees of commercial airlines, including American employees, as well as corrupt employees at both domestic and international ports of entry.  In return for bribes and kickbacks, these corrupt employees abused their positions of trust by planting and retrieving narcotics smuggled aboard commercial flights and cargo vessels.

10.    In particular, when American flights containing narcotics belonging to the BOURNE organization arrived at JFK Airport, American dispatching crew chiefs who were members of the BOURNE organization assigned American fleet service clerks who were also members of the BOURNE organization to off load those flights.  The dispatching crew chiefs and fleet service clerks received payment for these corrupt services.

11.    As a further part of the narcotics distribution scheme, the BOURNE organization arranged for the shipment of narcotics in cargo vessels through a footwear business based in Brooklyn, New York, as well as a business based in Barbados, all under the organization's control.

12.    On behalf of the BOURNE organization, the defendant MARIA ALLEYNE, also known as "Maria Bourne," purchased numerous money orders from the USPS.  The BOURNE organization used these money orders to order merchandise for resale through its businesses.  By purchasing multiple money orders in

4

increments of less than $3,000 with an aggregate value in excess of $3,000, that is, by illegally structuring their money order purchases, members of the BOURNE organization evaded having the USPS file Forms 8105-A, enabling the BOURNE organization to transfer illegal proceeds more clandestinely.

13.   The defendants VICTOR BOURNE and MARIA ALLEYNE acquired assets which were used to conceal and disguise the illegal proceeds of the BOURNE organization.

<u>COUNT ONE</u>
(Continuing Criminal Enterprise)

14.   The allegations contained in paragraphs 1 through 13 are realleged and incorporated as if fully set forth in this paragraph.

15.   In or about and between January 2000 and June 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant VICTOR D'ACOSTA BOURNE, together with others, did knowingly and intentionally engage in a continuing criminal enterprise, in that the defendant VICTOR D'ACOSTA BOURNE committed violations of Title 21, United States Code, Sections 841, 846, 952(a), 959(a), 960 and 963, including Violations One through Twelve set forth below, which violations were part of a continuing series of violations of those statutes undertaken by the defendant VICTOR D'ACOSTA BOURNE, in concert with five or more other persons with respect to whom the defendant VICTOR D'ACOSTA BOURNE occupied a

supervisory and management position, and from which continuing
series of violations the defendant VICTOR D'ACOSTA BOURNE
obtained substantial income and resources.  The continuing series
of violations, as defined by Title 21, United States Code,
Section 848(c), included Violations One through Twelve set forth
below.

Violation One
(Conspiracy to Import Cocaine)

16.  In or about and between January 2000 and June
2009, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendants VICTOR
D'ACOSTA BOURNE, together with others, did knowingly and
intentionally conspire to import a controlled substance into the
United States from a place outside thereof, which offense
involved five kilograms or more of a substance containing
cocaine, a Schedule II controlled substance, in violation of
Title 21, United States Code, Sections 952(a), 960(a)(1),
960(b)(1)(B)(ii) and 963.

Violation Two
(Conspiracy to Distribute Cocaine)

17.  In or about and between January 2000 and June
2009, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendant VICTOR
D'ACOSTA BOURNE, together with others, did knowingly and
intentionally conspire to distribute and possess with intent to

6

distribute a controlled substance, which offense involved five
kilograms or more of a substance containing cocaine, a Schedule
II controlled substance, in violation of Title 21, United States
Code, Sections 841(a)(1), 841(b)(1)(A)(ii)(II) and 846.

### Violation Three
(Cocaine Importation)

18. On or about November 5, 2005, within the Eastern
District of New York and elsewhere, the defendant VICTOR D'ACOSTA
BOURNE, together with others, did knowingly and intentionally
import a controlled substance into the United States from a place
outside thereof, which offense involved five kilograms or more of
a substance containing cocaine, a Schedule II controlled
substance, in violation of Title 21, United States Code, Sections
952(a), 960(a)(1) and 960(b)(1)(B)(ii), and Title 18, United
States Code, Section 2.

### Violation Four
(Attempted Possession of Cocaine with Intent to Distribute)

19. On or about November 5, 2005, within the Eastern
District of New York and elsewhere, the defendant VICTOR D'ACOSTA
BOURNE, together with others, did knowingly and intentionally
attempt to possess with intent to distribute a controlled
substance, which offense involved five kilograms or more of a
substance containing cocaine, a Schedule II controlled substance,

7

in violation of Title 21, United States Code, Sections 841(a)(1),
841(b)(1)(A)(ii)(II) and 846, and Title 18, United States Code,
Section 2.

### Violation Five
(International Marijuana Distribution Conspiracy)

20.    In or about and between October 2006 and April
2009, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, including the
extraterritorial jurisdiction of the United States, the defendant
VICTOR D'ACOSTA BOURNE, together with others, did knowingly and
intentionally conspire to distribute a controlled substance,
knowing that such substance would be unlawfully imported into the
United States and into waters within a distance of 12 miles of
the coast of the United States, from a place outside thereof,
which offense involved 1000 kilograms or more of a substance
containing marijuana, a Schedule I controlled substance, in
violation of Title 21, United States Code, Sections 959(a)(2),
959(c), 960(a)(3), 960(b)(1)(G) and 963, and Title 18, United
States Code, Section 3238.

### Violation Six
(Attempted International Distribution of Marijuana)

21.    On or about December 18, 2006, within the Eastern
District of New York and elsewhere, including the
extraterritorial jurisdiction of the United States, the defendant
VICTOR D'ACOSTA BOURNE, together with others, did knowingly and

8

intentionally attempt to distribute a controlled substance, knowing that such substance would be unlawfully imported into the United States and into waters within a distance of 12 miles of the coast of the United States, from a place outside thereof, which offense involved 100 kilograms or more of a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 959(a)(2), 959(c), 960(a)(3), 960(b)(2)(G) and 963, and Title 18, United States Code, Sections 2 and 3238.

## Violation Seven
(Cocaine Importation)

22.   On or about October 25, 2008, within the Eastern District of New York and elsewhere, the defendant VICTOR D'ACOSTA BOURNE, together with others, did knowingly and intentionally import a controlled substance into the United States from a place outside thereof, which offense involved at least 500 grams or more of a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 952(a), 960(a)(1) and 960(b)(2)(B)(ii), and Title 18, United States Codes, Section 2.

## Violation Eight
(Possession of Cocaine with Intent to Distribute)

23.   On or about October 25, 2008, within the Eastern District of New York and elsewhere, the defendant VICTOR D'ACOSTA BOURNE, together with others, did knowingly and intentionally

9

possess with intent to distribute a controlled substance, which offense involved at least 500 grams or more of a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(ii)(II), and Title 18, United States Code, Section 2.

### Violation Nine
(Cocaine Importation)

24.   On or about October 26, 2008, within the Eastern District of New York and elsewhere, the defendant VICTOR D'ACOSTA BOURNE, together with others, did knowingly and intentionally import a controlled substance into the United States from a place outside thereof, which offense involved at least 500 grams or more of a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 952(a), 960(a)(1) and 960(b)(2)(B)(ii), and Title 18, United States Code, Section 2.

### Violation Ten
(Possession of Cocaine with intent to Distribute)

25.   On or about October 26, 2008, within the Eastern District of New York and elsewhere, the defendant VICTOR D'ACOSTA BOURNE, together with others, did knowingly and intentionally possess with intent to distribute a controlled substance, which offense involved at least 500 grams or more of a substance

10

containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(ii)(II), and Title 18, United States Code, Section 2.

### Violation Eleven
(Cocaine Importation)

26.   On or about November 22, 2008, within the Eastern District of New York and elsewhere, the defendant VICTOR D'ACOSTA BOURNE, together with others, did knowingly and intentionally import a controlled substance into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 952(a), 960(a)(1) and 960(b)(1)(B)(ii), and Title 18, United States Code, Section 2.

### Violation Twelve
(Attempted Possession of Cocaine)

27.   On or about November 22, 2008, within the Eastern District of New York and elsewhere, the defendant VICTOR D'ACOSTA BOURNE, together with others, did knowingly and intentionally attempt to possess with intent to distribute a controlled substance, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance,

11

in violation of Title 21, United States Code, Sections 841(a)(1),
841(b)(1)(A)(ii)(II) and 846; and Title 18, United States Code,
Section 2.

(Title 21, United States Code, Sections 848(a), 848(c)
and 959(c); Title 18, United States Code, Sections 3551 et seq.)

<u>COUNT TWO</u>
(Cocaine Importation Conspiracy)

28.   The allegations contained in paragraphs 1 through
13 are realleged and incorporated as if fully set forth in this
paragraph.

29.   In or about and between January 2000 and June
2009, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendant VICTOR
D'ACOSTA BOURNE, together with others, did knowingly and
intentionally conspire to import a controlled substance into the
United States from a place outside thereof, which offense
involved five kilograms or more of a substance containing
cocaine, a Schedule II controlled substance, contrary to Title
21, United States Code, Sections 952(a) and 960(a)(1).

(Title 21, United States Code, Sections 963 and
960(b)(1)(B)(ii); Title 18, United States Code, Sections 3551 <u>et</u>
<u>seq</u>.)

12

## COUNT THREE
(Conspiracy to Distribute Cocaine)

30.    The allegations contained in paragraphs 1 through 13 are realleged and incorporated as if fully set forth in this paragraph.

31.    In or about and between January 2000 and June 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant VICTOR D'ACOSTA BOURNE, together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute a controlled substance, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, contrary to Title 21, United States Code, Section 841(a)(1).

(Title 21, United States Code, Sections 846 and 841(b)(1)(A)(ii)(II); Title 18, United States Code, Sections 3551 et seq.)

## COUNT FOUR
(Cocaine Importation)

32.    The allegations contained in paragraphs 1 through 13 are realleged and incorporated as if fully set forth in this paragraph.

33.    On or about November 5, 2005, within the Eastern District of New York and elsewhere, the defendant VICTOR D'ACOSTA BOURNE, together with others, did knowingly and intentionally

13

import a controlled substance into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance.

(Title 21, United States Code, Sections 952(a), 960(a)(1) and 960(b)(1)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

COUNT FIVE
(Attempted Possession of Cocaine with Intent to Distribute)

34.    The allegations contained in paragraphs 1 through 13 are realleged and incorporated as if fully set forth in this paragraph.

35.    On or about November 5, 2005, within the Eastern District of New York and elsewhere, the defendant VICTOR D'ACOSTA BOURNE, together with others, did knowingly and intentionally attempt to possess with intent to distribute a controlled substance, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, contrary to Title 21, United States Code Section 841(a)(1).

(Title 21, United States Code, Sections 846 and 841(b)(1)(A)(ii)(II); Title 18, United States Code, Sections 2 and 3551 et seq.)

14

COUNT SIX
(International Marijuana Distribution Conspiracy)

36.   The allegations contained in paragraphs 1 through 13 are realleged and incorporated as if fully set forth in this paragraph.

37.   In or about and between October 2006 and April 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, including the extraterritorial jurisdiction of the United States, the defendant VICTOR D'ACOSTA BOURNE, together with others, did knowingly and intentionally conspire to distribute a controlled substance, knowing that such substance would be unlawfully imported into the United States and into waters within a distance of 12 miles of the coast of the United States, from a place outside thereof, which offense involved 1000 kilograms or more of a substance containing marijuana, a Schedule I controlled substance, contrary to Title 21, United States Code, Sections 959(a)(2) and 960(a)(3).

(Title 21, United States Code, Sections 963, 959(c) and 960(b)(1)(G); Title 18, United States Code, Sections 3238 and 3551 et seq.)

15

COUNT SEVEN
(Attempted International Distribution of Marijuana)

38.  The allegations contained in paragraphs 1 through 13 are realleged and incorporated as if fully set forth in this paragraph.

39.  On or about December 18, 2006, within the Eastern District of New York and elsewhere, including the extraterritorial jurisdiction of the United States, the defendant VICTOR D'ACOSTA BOURNE, together with others, did knowingly and intentionally attempt to distribute a controlled substance, knowing that such substance would be unlawfully imported into the United States and into waters within a distance of 12 miles of the coast of the United States, from a place outside thereof, which offense involved 100 kilograms or more of a substance containing marijuana, a Schedule I controlled substance, contrary to Title 21, United States Code, Sections 959(a)(2) and 960(a)(3).

(Title 21, United States Code, Sections 963, 959(c) and 960(b)(2)(G); Title 18, United States Code, Sections 2, 3238 and 3551 et seq.)

COUNT EIGHT
(Conspiracy to Distribute Marijuana)

40.  The allegations contained in paragraphs 1 through 13 are realleged and incorporated as if fully set forth in this paragraph.

16

41. On or about December 18, 2006, within the Eastern District of New York and elsewhere, including the extraterritorial jurisdiction of the United States, the defendant VICTOR D'ACOSTA BOURNE, together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute a controlled substance, which offense involved 100 kilograms or more of a substance containing marijuana, a Schedule I controlled substance, contrary to Title 21, United States Code, Section 841(a)(1).

(Title 21, United States Code, Sections 846 and 841(b)(1)(B)(vii); Title 18, United States Code, Sections 3551 et seq.)

### COUNT NINE
(Cocaine Importation)

42. The allegations contained in paragraphs 1 through 13 are realleged and incorporated as if fully set forth in this paragraph.

43. On or about October 25, 2008, within the Eastern District of New York and elsewhere, the defendant VICTOR D'ACOSTA BOURNE, together with others, did knowingly and intentionally import a controlled substance into the United States from a place outside thereof, which offense involved at least 500 grams or

17

more of a substance containing cocaine, a Schedule II controlled substance.

(Title 21, United States Code, Sections 952(a), 960(a)(1) and 960(b)(2)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT TEN
### (Possession of Cocaine with Intent to Distribute)

44.   The allegations contained in paragraphs 1 through 13 are realleged and incorporated as if fully set forth in this paragraph.

45.   On or about October 25, 2008, within the Eastern District of New York and elsewhere, the defendant VICTOR D'ACOSTA BOURNE, together with others, did knowingly and intentionally possess with intent to distribute a controlled substance, which offense involved at least 500 grams or more of a substance containing cocaine, a Schedule II controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(ii)(II); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT ELEVEN
### (Cocaine Importation)

46.   The allegations contained in paragraphs 1 through 13 are realleged and incorporated as if fully set forth in this paragraph.

18

47.  On or about October 26, 2008, within the Eastern District of New York and elsewhere, the defendant VICTOR D'ACOSTA BOURNE, together with others, did knowingly and intentionally import a controlled substance into the United States from a place outside thereof, which offense involved at least 500 grams or more of a substance containing cocaine, a Schedule II controlled substance.

(Title 21, United States Code, Sections 952(a), 960(a)(1) and 960(b)(2)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT TWELVE
(Possession of Cocaine with Intent to Distribute)

48.  The allegations contained in paragraphs 1 through 13 are realleged and incorporated as if fully set forth in this paragraph.

49.  On or about October 26, 2008, within the Eastern District of New York and elsewhere, the defendant VICTOR D'ACOSTA BOURNE, together with others, did knowingly and intentionally possess with intent to distribute a controlled substance, which offense involved at least 500 grams or more of a substance containing cocaine, a Schedule II controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(ii)(II); Title 18, United States Code, Sections 2 and 3551 et seq.)

19

COUNT THIRTEEN
(Cocaine Importation)

50. The allegations contained in paragraphs 1 through 13 are realleged and incorporated as if fully set forth in this paragraph.

51. On or about November 22, 2008, within the Eastern District of New York and elsewhere, the defendant VICTOR D'ACOSTA BOURNE, together with others, did knowingly and intentionally import a controlled substance into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance.

(Title 21, United States Code, Sections 952(a), 960(a)(1) and 960(b)(1)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

COUNT FOURTEEN
(Attempted Possession of Cocaine with Intent to Distribute)

52. The allegations contained in paragraphs 1 through 13 are realleged and incorporated as if fully set forth in this paragraph.

53. On or about November 22, 2008, within the Eastern District of New York and elsewhere, the defendant VICTOR D'ACOSTA BOURNE, together with others, did knowingly and intentionally attempt to possess with intent to distribute a controlled substance, which offense involved five kilograms or more of a

20

substance containing cocaine, a Schedule II controlled substance,
contrary to Title 21, United States Code, Section 841(a)(1).

(Title 21, United States Code, 846 and
841(b)(1)(A)(ii)(II); Title 18, United States Code, Sections 2
and 3551 et seq.)

### COUNT FIFTEEN
(Money Laundering Conspiracy)

54.  The allegations contained in paragraphs 1 through
13 are realleged and incorporated as if fully set forth in this
paragraph.

55.  In or about and between January 2000 and October
2010, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendants VICTOR
D'ACOSTA BOURNE and MARIA ALLEYNE, also known as "Maria Bourne,"
together with others, did knowingly and intentionally conspire to
conduct financial transactions in and affecting interstate and
foreign commerce, to wit: the transfer and delivery of United
States currency, which transactions in fact involved the proceeds
of specified unlawful activity, to wit: narcotics trafficking, in
violation of Title 21, United States Code, Sections 841(a)(1),
846, 952(a), 959(a)(2), 960(a)(1), 960(a)(3) and 963, knowing
that the property involved in such transactions represented the
proceeds of some form of unlawful activity, and knowing that such
transactions were designed in whole and in part (1) to conceal
and disguise the nature, the location, the source, the ownership

21

and the control of the proceeds of the specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(B)(i), and (2) to avoid a transaction reporting requirement under Federal Law, contrary to Title 18, United States Code Section 1956(a)(1)(B)(ii).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

## COUNT SIXTEEN
### (Structuring Conspiracy)

56.  The allegations contained in paragraphs 1 through 13 are realleged and incorporated as if fully set forth in this paragraph.

57.  On or about and between January 10, 2005 and August 31, 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants VICTOR D'ACOSTA BOURNE and MARIA ALLEYNE, also known as "Maria Bourne," together with others, for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5325 and the regulations prescribed thereunder, did knowingly and intentionally conspire to structure transactions with a domestic financial institution, to wit: the USPS, by purchasing money orders in a structured fashion, to wit: breaking down sums of currency in the amount of $3,000 or more into sums less than $3,000, then using the smaller sums to purchase postal

money orders in amounts less than $3,000, as part of a pattern involving more than $100,000 in a twelve-month period, contrary to Title 31, United States Code, Section 5324(a)(3).

58. In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendants VICTOR D'ACOSTA BOURNE and MARIA ALLEYNE, also known as "Maria Bourne," together with others, did commit and cause to be committed the following:

<u>OVERT ACTS</u>

(a) On or about May 3, 2005, the defendant MARIA ALLEYNE, together with others, purchased and caused to be purchased postal money order number 08029378732 in the amount of $500 in Valley Stream, New York.

(b) On or about May 16, 2005, the defendant MARIA ALLEYNE, together with others, purchased and caused to be purchased postal money order number 08029848420 in the amount of $1,000 in Brooklyn, New York.

(c) On or about September 27, 2005, the defendant MARIA ALLEYNE, together with others, purchased and caused to be purchased postal money order number 08413496684 in the amount of $1,000 in Brooklyn, New York.

(d) On or about October 6, 2005, the defendant MARIA ALLEYNE, together with others, purchased and caused to be

purchased postal money order number 08029424878 in the amount of $1,000 in Brooklyn, New York.

(e)  On or about October 11, 2005, the defendant MARIA ALLEYNE, together with others, purchased and caused to be purchased postal money order number 08416675710 in the amount of $1,000 in Brooklyn, New York.

(f)  On or about October 17, 2005, the defendant MARIA ALLEYNE, together with others, purchased and caused to be purchased postal money order number 08415243314 in the amount of $1,000 in Brooklyn, New York.

(g)  On or about October 19, 2005, the defendant MARIA ALLEYNE, together with others, purchased and caused to be purchased postal money order number 0841523668 in the amount of $1,000 in Brooklyn, New York.

(h)  On or about October 20, 2005, the defendant MARIA ALLEYNE, together with others, purchased and caused to be purchased postal money order number 0803155866 in the value of $1,000 in Brooklyn, New York.

(i)  On or about October 27, 2005, the defendant MARIA ALLEYNE, together with others, purchased and caused to be purchased postal money order number 08415234516 in the amount of $1,000 in Brooklyn, New York.

(j)  On or about March 17, 2006, the defendant MARIA ALLEYNE, together with others, purchased and caused to be

purchased postal money order number 0877635703 in the amount of $1,000 in Brooklyn, New York.

(Title 18, United States Code, Sections 371 and 3551 <u>et seq.</u>; Title 31, United States Code, Section 5324(d)(2))

<u>COUNTS SEVENTEEN THROUGH TWENTY-TWO</u>
(Structuring)

59.  The allegations contained in paragraphs 1 through 13 are realleged and incorporated as if fully set forth in this paragraph.

60.  On or about the dates set forth below, within the Eastern District of New York and elsewhere, the defendant MARIA ALLEYNE, also known as "Maria Bourne," together with others, for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5325 and the regulations prescribed thereunder, did knowingly and intentionally structure and assist in structuring the transactions identified below with a domestic financial institution, to wit: the USPS, by purchasing money orders in a structured fashion, to wit: breaking down sums of currency in the amount of $3,000 or more into sums less than $3,000, then using the smaller sums to purchase postal money orders in amounts less than $3,000:

| COUNT | APPROXIMATE DATE | APPROXIMATE AMOUNT |
|---|---|---|
| SEVENTEEN | October 11, 2005 | $5,000.00 |
| EIGHTEEN | October 17, 2005 | $5,000.00 |
| NINETEEN | October 19, 2005 | $5,000.00 |
| TWENTY | October 20, 2005 | $5,000.00 |
| TWENTY-ONE | October 27, 2005 | $5,000.00 |
| TWENTY-TWO | March 17, 2006 | $4,000.00 |

(Title 31, United States Code, Sections 5324(a)(3) and 5324(d)(1); Title 18, United States Code, Sections 2 and 3551 et seq.)

### CRIMINAL FORFEITURE ALLEGATION AS TO COUNT ONE
#### (Continuing Criminal Enterprise)

61.   The United States hereby gives notice to the defendant charged in Count One that, upon his conviction of such offense, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853, which requires any person convicted of such offense to forfeit: (a) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense; (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense; and (c) any interest in, claims against, and property or contractual rights affording a source of control over, the continuing criminal enterprise.

62.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant charged in Count One:

26

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with, a third party;

(c)   has been placed beyond the jurisdiction of the court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a) and 853(p))

CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS TWO THROUGH FOURTEEN
(Narcotics Violations)

63.   The United States hereby gives notice to the defendant charged in Counts Two through Fourteen that, upon conviction of any such offense, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853, which requires any person convicted of such offenses to forfeit any property constituting, or derived from, proceeds the defendants obtained, directly or indirectly, as the result of such offenses and any property used, or intended to be used, in

27

any manner or part, to commit, or to facilitate the commission of such offenses.

64.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with, a third party;

(c)   has been placed beyond the jurisdiction of the court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a) and 853(p))

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNT FIFTEEN
(Money Laundering Conspiracy)

65.   The United States hereby gives notice to the defendants charged in Count Fifteen that, upon conviction of such offense, the government will seek forfeiture in accordance with

Title 18, United States Code, Section 982, of all property

involved in each offense of conviction in violation of Title 18,

United States Code, Section 1956(h), and all property traceable

to such property,

   66.   If any of the above-described forfeitable

property, as a result of any act or omission of the defendants:

   (a)   cannot be located upon the exercise of due

diligence;

   (b)   has been transferred or sold to, or deposited

with, a third party;

   (c)   has been placed beyond the jurisdiction of

the court;

   (d)   has been substantially diminished in value;

or

   (e)   has been commingled with other property which

cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18,

United States Code, Section 982, to seek forfeiture of any other

property of the defendants up to the value of the forfeitable

property described in this forfeiture allegation.

   (Title 18, United States Code, Section 982; Title 21,

United States Code, Section 853(p))

29

CRIMINAL FORFEITURE ALLEGATION AS TO
COUNTS SIXTEEN THROUGH TWENTY-TWO
(Structuring Violations)

67.   The United States hereby gives notice to the defendants charged in Counts Sixteen through Twenty-Two that, upon conviction of any such offense, the government will seek forfeiture in accordance with Title 31, United States Code, Section 5317(c), which requires any person convicted of such offenses to forfeit any property, real or personal, involved in such offenses, and any property traceable to such property.

68.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with, a third party;

(c)   has been placed beyond the jurisdiction of the court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28,

30

United States Code, Section 2461(c), to seek forfeiture of any

other property of the defendants up to the value of the

forfeitable property described in this forfeiture allegation.

(Title 31, United States Code, Section 5317(c); Title

21, United States Code, Section 853(p))


A TRUE BILL

_____
FOREPERSON


_____
LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

31

FORM DBD.34

JUN 85

No. _ _ _ _ _ _ _ _

# UNITED STATES DISTRICT COURT

EASTERN ——— District of ——— NEW YORK

THE UNITED STATES OF AMERICA

vs.

VICTOR D'ACOSTA BOURNE, and
MARIA ALLEYNE, a/k/a "Maria Bourne,"

Defendants.

## SUPERSEDING INDICTMENT

Cr. No. 08-888 (S-5) (NGG)
(T.21, U.S.C., §§ 841(a)(1), 841(b)(1)(A)(ii)(II),
841(b)(1)(A)(vii), 841(b)(1)(B)(ii)(II),
841(b)(1)(B)(vii), 846, 848(a), 853(a),
853(p), 952(a), 959(c), 960(a)(1), 960(b)(1)(B)(iii),
960(b)(2)(B)(ii), 960(b)(1)(G), 960(b)(2)(G),
and 963; T. 18, U.S.C., §§ 371, 982, 1349, 1956(h),
2, 3238 and 3551 et seq.; T. 31, U.S.C.,
§§ 5317(c), 5324(a)(3), 5324(d)(1) and 5324(d)(2))

A true bill.

———————————————————
                                    Foreman

Filed in open court this ——————
of ————— A.D. 19 ——— day.

———————————————————
                                    Clerk

Bail, $ —————

PATRICA NOTOPOULOS, AUSA 718-254-6354