UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
────────────────────────────────
UNITED STATES OF AMERICA,

           -against-

VICTOR D'ACOSTA BOURNE,

           Defendant.
────────────────────────────────

**MEMORANDUM & ORDER**
**08-CR-888 (S-5) (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

The court denied Petitioner Victor Bourne's motion to compel disclosure of grand jury transcripts under Federal Rule of Criminal Procedure 6(e). (*See* Memorandum & Order (Dkt 452).) Mr. Bourne has appealed that decision. (*See* Not. of Appeal (Dkt 455).) Now before the court is Mr. Bourne's *pro se* request for the court to supplement the record on his appeal. (*See* Ltr. Mot. to Supp. the Rec. on Appeal (Dkt. 456); Mot. to Compel (Dkt. 462).) Specifically, he requests: his arrest warrant,[1] including any supporting affidavits; an unredacted copy of his arrest incident report; and the arrest warrant for Maria Bourne Alleyne. For the following reasons, Mr. Bourne's motion is DENIED.

Rule 10(e)(2) of the Federal Rules of Appellate Procedure provides that the district court may supplement the record "[i]f anything material to either party is omitted from or misstated in the record by error or accident." Fed. R. App. P. 10(e)(2). "Rule 10(e) is not a device for presenting evidence to th[e] [appeals court] that was not before the trial judge." *Natofsky v. City of New York*, 921 F.3d 337, 344 (2d Cir. 2019). The rule's purpose "is to correct omissions from—or misstatements in—the record on appeal, not to introduce new evidence in the court of appeals."

---

[1] Mr. Bourne received a copy of the warrant for his arrest during discovery. (*See* Gov't Ltr. pursuant to Rule 16 (Dkt. 54).)

*Schreier v. Weight Watchers Ne. Region, Inc.*, 872 F. Supp. 1, 3 (E.D.N.Y. 1994). Accordingly, the movant "must demonstrate that the evidence to be supplemented was before the lower court in the course of its proceedings leading to the judgment under review and was mistakenly omitted from the record." *Robinson v. Sanctuary Rec. Groups*, Ltd., 589 F. Supp. 2d 273, 275 (S.D.N.Y. 2008).

Because Mr. Bourne wishes to supplement the record with materials that (1) were not considered by the court in deciding the motion to compel grand jury transcripts, (2) were not omitted from the record in error, and (3) will not "provide th[e] [appeals court] with a clearer view of the factors influencing the district court's decision," *Eng v. New York Hosp.*, 199 F.3d 1322 (2d Cir. 1999), Mr. Bourne's (Dkts. 456, 462) motion to supplement the record is DENIED. Mr. Bourne's attorney of record, Steven A. Biolsi, is ORDERED to assist his client with future requests to the court. The Clerk of Court is respectfully directed to mail a copy of this order to Mr. Bourne at his address of record.

SO ORDERED.

Dated:     Brooklyn, New York
             March 4, 2022

                                                   /s/ Nicholas G. Garaufis
                                                   NICHOLAS G. GARAUFIS
                                                   United States District Judge